**ORDERED ACCORDINGLY.**



# TIFFANY & BOSCO
### P.A.

**Dated: April 07, 2011**

2525 EAST CAMELBACK ROADSUITE 300
PHOENIX, ARIZONA 85016
TELEPHONE: (602) 255-6000
FACSIMILE: (602) 255-0192

_____
**GEORGE B. NIELSEN, JR**
**U.S. Bankruptcy Judge**
_____

Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant

09-28799

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: | No. 2:09-bk-28530-GBN |
| Michael L. Bestgen and Debra A. Bestgen, Debtors. | Chapter 13 |
| Wells Fargo Bank, N.A. | EXPARTE ORDER TERMINATING THE AUTOMATIC STAY FOR FAILURE TO CURE PURSUANT TO THE TERMS OF THE ADEQUATE PROTECTION ORDER |
| Movant, vs. | |
| Michael L. Bestgen and Debra A. Bestgen, Debtors; Edward J. Maney, Trustee. | |
| Respondents. | |

Pursuant to the Order entered on December 17, 2010, attached hereto as Exhibit "A", and by this reference incorporated herein, the above-referenced Debtors; were obligated to make specified payments which they have failed to make.

The Debtors have failed to comply thereby necessitating a written Notice of Default. Attached hereto as Exhibit "B" is a copy of the Notice of Default.

Based on the failure to cure the contractual agreement of the parties, the prior court order and good cause appearing:

IT IS HEREBY ORDERED that the Automatic Stay is the above-entitle Bankruptcy case is immediately extinguished for all purposes as to Secured Creditor, Wells Fargo Bank, N.A. and Wells Fargo Bank, N.A. may exercise whatever state law or contractual rights it may have regarding the property generallydescribed as: 6711 East Beverly Lane  Scottsale AZ 85254 ("Property" herein) and legally described as:

LOT 169, COUNTRY TRACE, ACCORDING TO BOOK 236 OF MAPS, PAGE 27, RECORDS OF MARICOPA COUNTY, ARIZONA.

IT IS FURTHER ORDERED that all conditions of the adequate protection order regarding conversions are binding and are hereby affirmed in this Order as well.

Exhibit "A"

# TIFFANY & BOSCO
### P.A.

**2525 E. CAMELBACK ROAD
SUITE 300
PHOENIX, ARIZONA 85016
TELEPHONE: (602) 255-6000
FACSIMILE: (602) 255-0192**

Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant

09-28799

Dated: December 17, 2010



**GEORGE B. NIELSEN, JR
U.S. Bankruptcy Judge**

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

IN RE:

Michael L. Bestgen and Debra A. Bestgen
    Debtors.
_____

Wells Fargo Bank, N.A.

        Movant,
  vs.

Michael L. Bestgen and Debra A. Bestgen, Debtors;
Edward J. Maney, Trustee.

     Respondents.

No. 2:09-bk-28530-GBN

Chapter 13

(Related to Docket #)

**ORDER REGARDING
MOTION FOR RELIEF**

IT IS HEREBY ORDERED by and between the parties herein, through counsel undersigned,

that all stays and injunctions, including the automatic stays under U.S. Bankruptcy Code Section

362(a), are hereby vacated with respect to the real property which is the subject of the Deed of Trust

recorded in the records of the Maricopa County, Arizona Recorder's Office, wherein Michael L.

1

Bestgen and Debra A. Bestgen, are designated as trustors and Wells Fargo Bank, N.A. is the current

beneficiary, which Deed of Trust encumbers the following described real property:

> LOT 169, COUNTRY TRACE, ACCORDING TO BOOK 236 OF MAPS, PAGE 27,
> RECORDS OF MARICOPA COUNTY, ARIZONA.

IT IS FURTHER ORDERED that the debtors will cure the post-petition arrearages currently

due as follows:

> **1 Monthly Payments at $1,693.98**          **$1,693.98**
> **(November 1, 2009 - November 1, 2009)**
> **Total**          **$1,693.98**

    1.      The total arrearage shall be paid in eight monthly installments.  Payments one through

five (1-7) in the amount of $ 211.74 shall be in addition to the regular monthly payment and shall be

due on or before the 15th day of the month commencing with the January 15, 2011 payment and

continuing throughout and concluding on or before July 15, 2011. The eighth and final payment in

the amount of $ 211.80 shall be paid on or before August 15, 2011.

    2.      In addition to the payment listed in Paragraph 1, the Debtors, will make the regular

post-petition payment due for January 15, 2011, which shall be made when due, and all subsequent

payments shall be made when due.

IT IS FURTHER ORDERED that Wells Fargo Bank, N.A. as the current beneficiary under

the above described Deed of Trust agrees not to conduct a Trustee's Sale or judicial "foreclosure" on

its Deed of Trust, so long as the terms of this Order are complied with.  In the event of default in

making any payments described herein Secured Creditor is permitted, in its discretion, to conduct a

Trustee's Sale, judicial foreclosure, or take whatever other actions necessary to protect their interest

in the above legally described property upon giving written notice of such default to debtors, Debtors'

Counsel and Trustee and Debtors' failure to cure such default within fifteen (15) days of the date of

such notice. In the event said default is not cured within said fifteen (15) day period, all arrearages, both pre-petition and post-petition shall become immediately due and payable in full and pre-petition arrearages shall not continue to be payable under the terms of the Plan.

IT IS FURTHER ORDERED that if a default notice becomes necessary, Debtors will be charged $150.00 for fees and costs associated with handling the curing of the default, to be paid together with the defaulted payment and late charge. Debtors shall tender the default payment, late charge and the additional $150.00 fee for attorney's fees and costs, as set forth above, in the form of a <u>cashier's check or money order</u>, made payable to Movant. If the defaulted payments are not received by Movant, together with the late charge and the $150.00 default fee, within fifteen days after the default notice was sent, all arrearages, both pre-petition and post-petition shall become immediately due and payable in full and pre-petition arrearages shall not continue to be payable under the terms of the plan.

IT IS FURTHER ORDERED that if Debtor' Bankruptcy Case No. 2:09-bk-28530-GBN is dismissed, either voluntary or involuntary, for any reason, this Order will become null and void and Wells Fargo Bank, N.A., and after such dismissal, may, in its discretion, conduct a Trustee's Sale or judicial "foreclosure" on its Deed of Trust or take whatever other actions necessary to protect their interest in the above legally described property.

IT IS FURTHER ORDERED that in the event of conversion by the Debtor to any other bankruptcy chapter, the repayment portion of this Order shall become null and void, except that the portion of this Order vacating the automatic stay under U.S. Bankruptcy Code Section 362 (a) shall remain in full force and effect.

IT IS FURTHER ORDERED that any hearings scheduled in the matter are vacated.

# EXHIBIT B

**TIFFANY & BOSCO**
P.A.

**2525 EAST CAMELBACK ROAD**
**SUITE 300**
**PHOENIX, ARIZONA 85016**
**TELEPHONE: (602) 255-6000**
**FACSIMILE: (602) 255-0192**

Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant

09-28799

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: | No. 2:09-bk-28530-GBN |
| Michael L. Bestgen and Debra A. Bestgen,<br>Debtors. | Chapter 13 |
| | NOTICE OF DEFAULT |
| Wells Fargo Bank, N.A. | |
| Movant,<br>vs. | RE: Real Property Located at<br>6711 East Beverly Lane<br>Scottsale, AZ 85254 |
| Michael L. Bestgen and Debra A. Bestgen, Debtors;<br>Edward J. Maney, Trustee. | |
| Respondents. | |

Wells Fargo Bank, N.A. secured creditor, (hereinafter referred to as "Secured Creditor"), by its

attorneys TIFFANY & BOSCO, P.A., hereby files this Notice of Default in the above-captioned case,

and avers as follows:

    1.    An Order was entered on December 17, 2010 which provides for the lifting of the stay

imposed by Section 362(a) of the U.S. Bankruptcy Code with respect to that certain Deed of Trust

recorded in the records of the Maricopa County, Arizona Recorder's Office, which encumbers the following real property:

LOT 169, COUNTRY TRACE, ACCORDING TO BOOK 236 OF MAPS, PAGE 27, RECORDS OF MARICOPA COUNTY, ARIZONA.

A Copy of said Order is attached hereto as Exhibit "A".

2. As of the date of this Notice of Default, the Debtors have not made the payments as required by the aforementioned Order. The Debtors are presently past due as follows:

| | |
|---|---|
| 4 Monthly Payments(s) at $1,671.27 (November 1, 2010 – February 1, 2011) | $6,685.08 |
| 1 Monthly Payments at $1,650.85 (March 1, 2011 – March 1, 2011) | $1,650.85 |
| 5 Late Fees at $72.24 (November 15, 2010 – March 15, 2011) | $361.20 |
| 3 Stipulation Payments at $211.74 (January 15, 2011 – March 15, 2011) | $635.22 |
| Attorney Fees | $150.00 |
| Suspense | (-29.57) |
| Total | $9,452.78 |

**PARTIAL TENDERS WILL NOT BE ACCEPTED**

3. Notice is hereby given to the Bankruptcy Court, Debtors, counsel for Debtors, and Trustee, that unless debtor' default under the terms of the Stipulation and Order is cured not later than fifteen (15) days from date of this Notice, that Movant will proceed, pursuant to the Court's Order lifting the stay, to conduct a Trustee's Sale or mortgage foreclosure, in its discretion, with respect to the above-described Deed of Trust.

\\\\
\\\\

DATED this 21st day of March, 2011.

TIFFANY & BOSCO, P.A.

By  /s/ LJM # 014228
           Leonard J. McDonald
           2525 East Camelback Road, #300
           Phoenix, Arizona 85016
           Attorneys for Movant

*If the Debtor cures the default prior to the date of expiration this amount may be different.